﻿Citation Nr: 19158969
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 16-60 460
DATE: July 30, 2019

REMANDED

Service connection for a back disability is remanded.

REASONS FOR REMAND

In a December 2018 decision, the Board reopened and remanded the claim for service connection for a back disability. The Board requested an addendum from the examiner who conducted a July 2010 VA examination. The Board asked the examiner to specify whether each of the Veteran’s back conditions is an acquired disability, a congenital “defect” or a congenital “disease,” and provide an opinion on its relationship to service. 

An addendum was obtained in April 2019. The examiner cited to some medical literature on scoliosis and reiterated her prior opinion that the Veteran’s back disability was not caused by, or a result of, carrying a rucksack on a road march in service. The examiner explained that there is no nexus between the one instance of muscle strain in service to the Veteran’s current complaints of low back pain. The examiner further opined that the Veteran’s mild scoliosis is not related to active service. 

While the Board appreciates the examiner’s opinions, the examiner did not address the questions posed by the Board. Thus, the Veteran should be provided a new examination to obtain the needed opinions. 

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination by an examiner other than the one who conducted the July 2010 examination to determine the nature and etiology of her back disorder. The examiner should review the claims file and note that review in the report. The examiner should ensure that all indicated tests and studies are conducted. 

(a.) The examiner should identify each back disability diagnosed during the pendency, or proximate to, this claim and specify whether each identified condition is an acquired disability, a congenital “defect” or a congenital “disease.” The examiner should set forth a rationale and basis for each such finding. The examiner is advised that, for purposes of VA compensation, a congenital “defect” is defined as a condition that is more or less stationary in nature, whereas a congenital “disease” is defined as a condition capable of improving or deteriorating. 

(b.) For each back disability found not to be congenital, the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that it had its clinical onset during, or is otherwise related to, the Veteran’s active service. The examiner should address the Veteran’s assertion that she has received treatment related to her back pain continuously since her separation from active service.

(c.) If any diagnosis is considered a congenital “defect,” the examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that there was a superimposed disease or injury during active service. If so, the examiner should identify the superimposed disease or injury, as well as the resultant disability due to such superimposed disease or injury.

(d.) If any diagnosed back disability is considered a congenital “disease,” the examiner should state whether such clearly and unmistakably pre-existed the Veteran’s active service and whether it is clear and unmistakable that the disability was not aggravated during active service. Any such clear and unmistakable evidence of record should be identified. If the disorder underwent any increase in disability, the examiner should state whether that increase in disability was due to the natural progress of the disorder.

2. Then, readjudicate the claim on appeal. If the decision remains adverse to the Veteran, issue a supplemental 

(CONTINUED ON NEXT PAGE)

statement of the case, allow the appropriate time for response, and return the case to the Board.

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. W. Kim, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.